# manatt

**Robert A. Jacobs**
Manatt, Phelps & Phillips, LLP
Direct Dial:  (310) 312-4360
E-mail:  rjacobs@manatt.com

June 20, 2019

**ELECTRONICALLY FILED ON ECF**

Hon. Valerie E. Caproni
U.S. District Judge
U.S. District Court for the Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

    **Re:**    ***EMI April Music Inc. v. West***, Case No. 1:19-cv-02127-VEC

Dear Judge Caproni:

    In accordance with the Court's Notice of Pretrial Conference dated March 15, 2019, we write jointly on behalf of the parties to provide the information requested by the Court in connection with this action brought by plaintiffs EMI April Music Inc. and EMI Blackwood Music Inc. (collectively, "EMI") against defendants Kanye West ("Mr. West") and West Brands, LLC (collectively, "West").

    The parties have met and conferred and are in agreement, subject to specific issues, as noted below, regarding a proposed Civil Case Management Plan and Scheduling Order (the "Order"), which is submitted herewith.  The proposed dates for discovery are in accordance with the time frames set forth in the Court's form Civil Case Management Plan and Scheduling Order.

    **1.**    **Brief Description of the Case**

    This is an action for declaratory relief, breach of contract, and attorneys' fees.

    a.    EMI's Description

    EMI and West extensively negotiated and entered a series of agreements, beginning with a co-publishing agreements in 2003 (the "2003 Agreement") and then additional agreements modifying and/or extending the 2003 Agreement in 2004, 2005, 2006, 2009, 2011, 2012, and 2014 (each a "Modification" and, collectively, the "Modifications"), which contain an exclusive New York forum selection clause and a New York choice of law clause.  West received substantial compensation for these clauses, his other undertakings, and the copyright and other interests that he granted to EMI in the 2003 Agreement and Modifications (collectively, "the Agreements"), including tens of millions of dollars in advance payments alone.

11355 West Olympic Boulevard, Los Angeles, California  90064-1614  Telephone:  310.312.4000  Fax:  310.312.4224

Albany | Boston | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

# manatt

Hon. Valerie E. Caproni
June 20, 2019
Page 2

Nevertheless, in order to forum shop his way around the exclusive New York forum selection clause and New York choice of law clauses to which he voluntarily agreed to be bound, West sued EMI in California on January 25, 2019 (the "California Action") to terminate the Agreements pursuant to California Labor Code § 2855 ("§ 2855" or "the California Statute"), which makes "contract[s] for personal services" unenforceable after seven years.  New York law, however, prohibits such conduct.  Separate and apart from the fact that § 2855 does not apply to the Agreements because they are not personal services contracts, the Agreements' exclusive New York forum selection clause and New York choice of law clauses foreclose West from prosecuting the California Action, and relying on the California Statute in an attempt to evade his contractual commitments to EMI.  The Agreements, therefore, remain in full force and effect in their entirety.

EMI contends that West's filing of and the purported claims he has advanced in the California Action create a justiciable controversy between the parties concerning their respective rights and obligations under the Agreements, and constitute a material breach of the Agreements, entitling EMI to declaratory and injunctive relief, and an award of compensatory damages and attorneys' fees, against him.

      b.    <u>West's Description</u>

In 2003, EMI and Ye World Publishing, Inc., the company through which Mr. West then conducted his songwriting activities, entered into a 45-page agreement under which Mr. West agreed to provide his exclusive personal services to EMI as a songwriter (the "2003 Agreement").  The 2003 Agreement required Mr. West to write and deliver to EMI at least three "Full New Compositions" every "Contract Year" during its multi-year "Term."  In 2004, 2005, 2006, 2009, 2011, 2012, and 2014, the 2003 Agreement was modified and/or extended, without any interruption in Mr. West's services (each "Extension" and, collectively, the "Extensions").  In 2004, Mr. West's company, Please Gimme My Publishing Inc. ("Please Gimme"), became a party to the agreement.  In 2014, after Mr. West formed West Brands, it was also added it as a party.

EMI drafted key terms of the 2003 Agreement and the Extensions, including "Full New Compositions," "Contract Year," and "Term," to impose continuous and long-term obligations on Mr. West—obligations that could continue indefinitely, perhaps for the rest of Mr. West's life.  For instance, a "Contract Year" is not just 12 months.  It runs as long as it takes for Mr. West to compose and release the minimum number of sufficient "Full New Compositions" for that period.  A "Composition" is deemed "Full" only under restrictive conditions, including ones that give Mr. West only a partial credit if, as is often the case in the industry, he works with others on a song.  Mr. West's ability to regain ownership of his compositions, if ever, or to receive additional compensation from EMI for his songs, if ever, are also contingent upon his

# manatt

Hon. Valerie E. Caproni
June 20, 2019
Page 3

satisfying complex provisions.  As a result, EMI may be able to compel Mr. West to provide compositions exclusively to EMI indefinitely, while EMI continues to profit handsomely from the license fees it receives from Mr. West's songs.

Although Mr. West is a long-time California resident, and his West Brands, Ye World and Please Gimme companies have their principal place of business in Los Angeles County, California, EMI inserted New York forum and choice of law provisions in the 2003 Agreement and Extensions.  EMI included these provisions because, under California Labor Code Section 2855, a personal service contract cannot be enforced more than seven years after the commencement of services.  The California Legislature enacted that prohibition more than 80 years ago to allow each person who agrees to render services the opportunity to advance one's career and have at least a moment of contractual freedom to do so.  Mr. West has been working under his contract with EMI for nearly 16 years.  He has earned the right to stop.  EMI refuses to let him.

The California courts have also made clear that these rights may not be waived or taken away, as EMI here attempts, by clauses inserted in a private contract.  A clause requiring the employee to litigate his or her rights in another state, under the laws of a state that does not have a comparable statute (such as this state), is just as offensive to these principles as a contract that has a term longer than seven years.

To avoid application of California Labor Code section 2855, EMI refers to a clause that purports to disclaim that the contract involves the rendering of personal services.  But that clause is a fiction, drafted by lawyers who seek to achieve exactly what the California statute and courts have said they may not.  It is also contrary to the realities of Mr. West's contractual duties.  And it is contradicted by the immediately prior paragraph in which EMI requires Mr. West to make writing and recording music his sole occupation for the life of the contract and even prohibits him from retiring.

To free himself from EMI's unlawful conduct under Section 2855, Mr. West and his companies sued EMI in California on January 25, 2019.  As the plaintiff in that first-filed action, and as a resident of the State of California, Mr. West is entitled to have a California court adjudicate his rights that arise under California law.  Accordingly, EMI's counter-suit in New York, filed weeks after Mr. West's lawsuit, should not, and need not, proceed.

The issues EMI has put at issue here will be resolved in the case Mr. West filed in California.[1]  There is no reason to give EMI a second bite by allowing it to litigate these issues

---

[1] To deprive Mr. West of his rights, EMI has moved to dismiss, stay, or transfer Mr. West's California case to this Court, as well as to transfer Mr. West's state court filing to federal court.

# manatt

Hon. Valerie E. Caproni
June 20, 2019
Page 4

here.  Nor does EMI have a ***right*** to proceed here.  There are serious procedural and other defects with EMI's claims for relief.  EMI has failed to join a necessary and indispensable party, which destroys its jurisdictional basis for being in this Court.  The lawsuit also requires dismissal under the doctrine of *forum non conveniens*.  Moreover, Mr. West is entitled to litigate his claims in the forum he chose when he filed his claims first, as New York's first-to-file policy recognizes.  And serious public policy issues would be in jeopardy should EMI be permitted to circumvent California's labor protections.  Accordingly, Mr. West is today filing a motion to dismiss or, in the alternative, to stay EMI's lawsuit.

Given the existence of threshold questions about whether EMI should be allowed to proceed here, Mr. West believes that, until the Court resolves them, discovery should be stayed and the Court should defer setting trial and other dates.  But to cooperate with the Court's procedures, Mr. West's counsel has met and conferred with EMI's counsel and provided the requested dates and schedule, subject to this issue.

## 2. **Contemplated Motions**

EMI may file a motion for preliminary injunction, and anticipates filing a motion for summary judgment.

Mr. West is filing a motion to dismiss or, in the alternative, to stay.

## 3. **Basis for Subject Matter Jurisdiction**

EMI brought this action on the basis of diversity pursuant to 28 U.S.C. § 1332.  As set forth in the Complaint, the amount in controversy exceeds $75,000.  In addition, based on EMI's pre-filing investigation, the parties are completely diverse, as set forth in the following chart:

| | |
|---|---|
| **EMI April Music Inc.**<br>    *Connecticut* corporation<br>    Principal place of business in *New York* | **Kanye West**<br>    *California* or *Illinois* resident and<br>    domiciliary |
| **EMI Blackwood Music Inc.**<br>    *Connecticut* corporation<br>    Principal place of business in *New York* | **West Brands, LLC**<br>    Member: Kanye West (*see above*) |

Briefing has been stayed until next month, while the parties discuss settlement.  As will be explained to the court in California, EMI's motion is factually and legally defective.

# manatt

Hon. Valerie E. Caproni
June 20, 2019
Page 5

     Mr. West disputes that this Court has subject matter jurisdiction in light of EMI's failure to join a necessary and indispensable party, Please Gimme, which is a New York corporation. Mr. West seeks dismissal of EMI's lawsuit based on the complaint's jurisdictional defect.

    **4.**    **Prospect for Settlement**

     Since the filing of the parties' previous joint letter and status report, the parties have continued to make progress in their settlement discussions.  Although the parties have not yet reached a final resolution, they continue to engage in active negotiations.

     We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Robert A. Jacobs
Robert A. Jacobs
*Counsel for Plaintiffs EMI April
Music Inc. and EMI Blackwood Music
Inc.*

Respectfully submitted,

/s/ John B. Quinn
John B. Quinn
*Counsel for Defendants Kanye West
and West Brands, LLC*