UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
EMI APRIL MUSIC INC. and EMI
BLACKWOOD MUSIC INC.,

                              Plaintiffs,

            -against-

KANYE WEST and WEST BRANDS LLC
(individually and d/b/a YE WORLD
PUBLISHING and PLEASE GIMME MY
PUBLISHING),

                             Defendants.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2019

19-CV-2127 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS Plaintiffs EMI April Music Inc. and EMI Blackwood Music Inc. (collectively, "EMI") have moved to enjoin preliminarily Defendants Kanye West and West Brands LLC (collectively, "West") from pursuing a related action pending in the U.S. District Court for the Central District of California (the "California Court"), *Please Gimme My Publishing, et al. v. EMI April Music, Inc., et al.*, No. 2:19-CV-01527-DMG-FFM (the "California Action" or the "Action");

       IT IS HEREBY ORDERED THAT EMI's motion for a preliminary injunction is DENIED.

       Currently pending in the California Action is EMI's motion to transfer the Action to this Court pursuant to 28 U.S.C. § 1404(a) and West's motion to remand the case to California state court for lack of subject-matter jurisdiction. The motions are scheduled to be heard by the California Court on August 30, 2019. The arguments that EMI has submitted to the California Court in support of its transfer motion are, in large part, the same as those submitted to this Court

in support of its motion for a preliminary injunction. The California Action was filed prior to this action.

It is well-settled in this Circuit that when two federal cases have been filed involving essentially the same parties and raising essentially the same issues, "the court in which the first action was filed has the right and responsibility to decide" where the action should proceed. *Greyhound Lines, Inc. v. Adirondack Transit Lines, Inc.*, No. 15-CV-8109, 2016 WL 11483933, at *1 (S.D.N.Y. Oct. 7, 2016) (quoting *Pem Am., Inc. v. Lambert*, No. 03-CV-3706, 2003 WL 22383369, at *2 (S.D.N.Y. 2003)); *see also Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008); *Comcast Corp. v. Rovi Corp.*, No. 16-CV-3852, 2016 WL 4991625, at *5 (S.D.N.Y. Sept. 16, 2016); *MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 267–68 (S.D.N.Y. 2002) (collecting cases). Put differently, "when multiple lawsuits involving the same claims are filed in different jurisdictions," the first-filed court "is the proper court to determine whether it is the appropriate forum for the pending claims." *Comcast*, 2016 WL 4991625, at *5. Because this case falls squarely within this rule, this Court will defer to the California Court to decide, in the first instance, the district in which this case will proceed. For that reason alone, EMI's motion for a preliminary injunction is denied.

EMI argues that the rule requiring the court that has the first-filed case to decide where the case proceeds is discretionary, not mandatory, and that the rule should not apply here because West has engaged in forum-shopping. The Court agrees that it appears that West has engaged in forum-shopping and that the California Action likely belongs in this District. But the judicial system has an interest in enforcing a bright-line rule that allows the first-filed court to decide the transfer issue, "[i]n order to avoid conflict, confusion, duplicitous litigation, and the possibility of inconsistent rulings." *Greyhound*, 2016 WL 11483933, at *1. Additionally, the transfer

motion has been presented to the California Court as part of a responsive pleading, rather than a time-sensitive motion for a preliminary injunction, affording the California Court more time to consider carefully the issues involved. Thus, even if this rule were discretionary, the Court would nonetheless enforce it in this case.[1]

Further, even if this rule were not applicable, a preliminary injunction would not be appropriate because EMI has not demonstrated irreparable injury.[2] EMI argues that it will suffer irreparable injury because it will be deprived of its "bargained-for forum," New York. Pls.' Mem. of Law at 19. Not so. The California Court has not yet reached the merits of West's claims; it is simply deciding whether to transfer, remand, or keep the Action. If EMI succeeds in the transfer motion, it will receive its allegedly bargained-for forum. EMI has made no showing that allowing the California Court to decide this issue will cause it irreparable harm. Nor could it, as this Court has complete confidence that the California Court is as capable as this Court of determining the district in which this case should be litigated. *See Comcast*, 2016 WL 4991625, at *5.

The other injuries that EMI alleges that it will suffer are speculative and conjectural. Citing to its Complaint, EMI argues that the California Action has created "uncertainty" about

---

[1] The case on which EMI principally relies for the contrary view, *Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc.*, No. 12-CV-3858, 2012 WL 2065294 (S.D.N.Y. June 7, 2012), expressly stated that it was limited to "the specific facts of [that] case," *id.* at *5 n.1.

[2] EMI argues that courts "typically" dispense with a "fulsome" analysis of the traditional preliminary-injunction factors when deciding issues implicating the first-filed rule. Pls.' Mem. of Law, Dkt. 35, at 18. The Court disagrees. Whether the first-filed rule applies is a separate issue from what the remedy should be for an inappropriately-filed action. In order to determine whether a preliminary injunction is an appropriate remedy, the Court must, of course, consider the traditional preliminary-injunction factors. The two cases that EMI cites, *see id.*, are not to the contrary. Although the Court in *Michael Miller* deviated from the first-filed rule, it expressly noted that the movant had made a showing of "irreparable harm." 2012 WL 2065294, at *7. And although the Court in *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177 (2d Cir. 1969), did not apply the preliminary-injunction factors, it did not say that a court could *not* apply these factors; indeed, the district court in that case noted that the movant had asserted that the parallel action "threatened" it with "irreparable injury," 294 F. Supp. 876, 878 (S.D.N.Y. 1968).

EMI's rights and interests in West's musical compositions.  Pls.' Mem. of Law at 20; *see also* Pls.' Reply Mem. of Law, Dkt. 42, at 9.  That may be, but EMI has offered no details or admissible evidence to support that assertion.  EMI also argues that the California Court may, based on West's motion, remand the Action to state court for lack of subject-matter jurisdiction.  EMI, however, has made no showing that litigating this case in state court would cause it irreparable harm, other than the unsupported assertion that West has argued that he is "more likely to succeed" on his claims in state court.  Pls.' Reply Mem. of Law at 9.  More importantly, if the California Court does not have subject-matter jurisdiction over this action, then neither does this Court.  As stated above, this Court is confident that its California counterpart is fully capable of unraveling the subject-matter-jurisdiction issues in this case.[3]

For all these reasons, EMI's motion for a preliminary injunction is DENIED.  When the California Court decides the pending motions for transfer and/or remand, the parties must, within three business days, submit a joint letter notifying this Court of the decision.  If the motions have not been decided by **September 27, 2019**, the parties must so notify this Court by letter.

The Clerk of Court is respectfully directed to CLOSE the open motion at Dkt. 34.  The Clerk of Court is also directed to MAIL a copy of this Order to:

> Hon. Dolly M. Gee
> United States Courthouse
> 350 West 1st Street
> Los Angeles, CA, 90012

**SO ORDERED.**

**Date:  August 27, 2019**  
**New York, New York**

_____  
VALERIE CAPRONI  
United States District Judge

---

[3] The Court enters today's ruling without prejudice to EMI moving again for a preliminary injunction should the California Action be remanded to state court and should EMI be able to make a more convincing showing of irreparable injury.